EL PUEBLO DE PUERTO RICO, recurrido, *v.* PEDRO L. RODRÍ-GUEZ GALARZA, acusado y peticionario.

*Número:* CE-86-66        *Resuelto:* 17 de junio de 1986

*Enrique Rivera Mendoza,* abogado del peticionario; *Rafael Ortiz Carrión, Procurador General* y *Marjorie Rivera Rodríguez, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

El 19 de junio de 1985 se radicó denuncia contra Pedro Luis Rodríguez Galarza por infracción al Art. 405 de la Ley de Sustancias Controladas, 24 L.P.R.A. sec. 2405, consistente en haber distribuido la sustancia controlada llamada mari-

huana sin estar legalmente autorizado. Al determinarse causa probable, se señaló el caso para vista preliminar. El imputado resultó ser sordomudo. El Tribunal de Distrito, Sala de Arecibo, decidió suspender la vista preliminar y enviar el expediente al Tribunal Superior, Sala de Arecibo, para que determinara su procesabilidad a tenor con la Regla 240 de Procedimiento Criminal. El Juez Superior, Hon. Pierre E. Vivoni, ordenó al Director Médico del Hospital de Psiquiatría recibir al acusado para que fuera evaluado en cuanto a su capacidad mental para enfrentarse al proceso. Señaló una vista para el 25 de septiembre de 1985. El psiquiatra, Dr. Abelardo Martínez, sometió un informe en el que expuso que no había podido practicar un examen adecuado por necesitar un intérprete de sordomudos. Indicó que, según el historial obtenido y dado por el padre del imputado, aparentemente no había historial de enfermedad mental alguna. El 25 de septiembre de 1985 se suspendió la vista y el tribunal ordenó que se hicieran las gestiones con el Departamento de Servicios Sociales para que proveyeran un intérprete de sordomudos. Se señaló otra vista para el 30 de octubre, que tuvo que transferirse para el 20 de noviembre de 1985 por no haber comparecido el doctor Martínez.

En la fecha señalada un magistrado distinto procedió a celebrar la vista bajo la Regla 240 de Procedimiento Criminal, a pesar de que el doctor Martínez no había practicado la evaluación del acusado ni había comparecido al tribunal. La defensa objetó tal procedimiento, pero el tribunal rechazó su planteamiento. El fiscal presentó el testimonio del padre del imputado para establecer su sanidad mental. Nuevamente la defensa objetó sin éxito que se permitiera utilizar dicho testigo para ese propósito. El 20 de noviembre de 1985 se declaró sin lugar la moción bajo la Regla 240 y se ordenó devolver el caso al Tribunal de Distrito para la continuación de la vista

preliminar. (¹) El acusado presentó este recurso. El 27 de febrero de 1986 emitimos la siguiente orden:

El Procurador General tendrá diez días para mostrar causa por la cual no se deba revocar la Resolución del 20 de noviembre de 1985, objeto de este recurso, y devolver el caso para que se celebre una vista de la moción bajo la Regla 240 de Procedimiento Criminal en que comparezca el perito designado por el tribunal.

El Procurador General ha comparecido mediante un elaborado y fundamentado escrito, el cual consideramos como un allanamiento al remedio solicitado por el peticionario.

Con gran acierto la delegada del Procurador General expone, luego de analizar la Regla 240 de Procedimiento Criminal y lo resuelto en los casos de *Camareno Maldonado* v. *Tribunal Superior*, 101 D.P.R. 552 (1973), y *Córcoles Droz* v. *Jefe Penitenciaría*, 89 D.P.R. 1 (1963), lo siguiente:

Observamos que la Regla le concede inicialmente al tribunal total discreción en la determinación de si existe base razonable o no para creer que el acusado está mentalmente incapacitado. No obstante, de resolver que existe base razonable, la Regla instruye mandatoriamente el procedimiento a seguir: los procedimientos se suspenderán inmediatamente, se señalará una vista para determinar el estado mental del acusado, y se designará uno o varios peritos para que examinen al acusado, quien o quienes declararán en la vista señalada sobre el estado mental del imputado. La Regla permite además, que en la vista se presente cualquier otra prueba pertinente al estado mental del acusado que deseen ofrecer las partes. En otras palabras que, respecto al problema que nos ocupa, una vez que se establece que existe una duda en cuanto a la capacidad mental del acusado, resulta mandatoria la intervención de un perito siquiatra, quien tendrá que evaluar

---

(¹) Sometido este recurso, el magistrado emitió una resolución enmendada en la cual exponía que se estaba ante un problema de comunicación, por ser el imputado sordomudo, y no un problema de incapacidad. El juez ordenó que se elevara dicha resolución a este expediente, lo que se ha hecho.

al acusado y declarar en la vista de procesabilidad en torno a sus hallazgos. Obviar este recurso médico, constituiría una actuación en violación a la disposición procesal. Escrito para Mostrar Causa, pág. 7.

■ Al penar al acusado por la incomparecencia del psiquiatra designado por el tribunal, el juez cometió un claro abuso de discreción. Una vez nombrado un perito, no podía descansar en el testimonio de un lego para determinar la capacidad mental del imputado para enfrentarse al proceso.[2] Ello cobra mayor importancia cuando en su informe el perito concluye que no pudo hacer una evaluación adecuada. Es significativo que éste no es el caso en que la razón para la demora es atribuible al acusado o a su abogado.[3]

*Se dictará sentencia que revoque la orden del Tribunal Superior y se devolverá el caso para que continúen los procedimientos de conformidad con lo expuesto.*

El Juez Presidente Señor Pons Núñez no intervino. El Juez Asociado Señor Negrón García concurre en el resultado sin opinión escrita.

---

[2] *Cf. Pueblo* v. *Marcano Pérez*, 116 D.P.R. 917 (1986).

[3] Situación sobre la cual no tenemos que emitir juicio en este momento.