Negroni Cintrón, Juez Ponente
*651 TEXTO COMPLETO DE LA SENTENCIA
Se trata de un recurso de certiorari presentado originalmente el 4 de diciembre de 1998 por El Pueblo de Puerto Rico para que revisemos un dictamen consignado en una minuta del 30 de octubre de 1998 por el Tribunal de Primera Instancia, Sala Superior de Ponce, luego de celebrar una "vista de inimputabilidad" dentro de una vista sobre la procesabilidad del recurrido, Rafael Pacheco Armand, al amparo de la Regla 240 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Mediante esa decisión determinó que no existía causa probable, para procesar al recurrido por el delito de agresión agravada grave, decretó la absolución de éste en los delitos de exposiciones deshonestas y desacato y señaló una vista al amparo de la Regla 241 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.
Según el escrito sometido por El Pueblo de Puerto Rico, el recurrido fue inicialmente referido para evaluación a los fines de que se determinara si estaba o no procesable, a tenor del trámite dispuesto en la Regla 240 de Procedimiento Criminal, ante. Luego de varias evaluaciones y vistas, se determinó que estaba procesable, pero a solicitud del recurrido, se le sometió a una evaluación para que se determinara si era imputable o no. Realizada esta evaluación, el resultado se informó en una vista que se celebró el 30 de octubre de 1998.
Examinados los autos y por los fundamentos que expusimos en aquel entonces, el 30 de diciembre de 1998, desestimamos por prematuro el recurso instado. A solicitud del Ministerio Público, dos años más tarde, el 14 de enero de 2000, el Tribunal Supremo de Puerto Rico revocó este dictamen y nos refirió el recurso para que continuáramos con los procedimientos. El Pueblo de Puerto Rico v. Rafael Pacheco Armand, 2001 J.T.S. 18. Conforme el mandato recibido y a tenor de la opinión de dicho Tribunal, prontamente le requerimos al tribunal de instancia que emitiera una resolución consignando el dictamen recurrido y sus fundamentos.
En cumplimiento de lo ordenado, el tribunal recurrido emitió la siguiente resolución:

"En el día de hoy, se trae a nuestra atención una Resolución emitida el 9 de marzo de 2001, por el Hon. Tribunal de Circuito de Apelaciones, Circuito Regional V, ordenándonos emitir una resolución debidamente fundamentada, consignando nuestro dictamen emitido en corte abierta, el 30 de octubre de 1998. Nos concedió para ello el término de veinte (20) días.

*652 Por ci tiempo transcurrido, nos hemos dado a la tarea de estudiar el trasfondo procesal del caso a los fines de refrescar nuestra memoria.

Tras varios señalamientos de vista al amparo de la Regla 240 de las de Procedimiento Criminal, en vista celebrada el 28 de agosto de 1998, la defensa solicitó que el acusado fuera evaluado por el psiquiatra para determinación de inimputabilidad, a lo que el Tribunal, Hon. Manuel Díaz Morales, Juez, accedió, señalando "vista de inimputabilidad" para el 25 de septiembre de 1998. El Ministerio Público estuvo representado en la vista por el Ledo. Benjamín Miranda. No surge del Acta de ese día que éste hubiere opuesto objeción a la solicitud de la defensa, ni al señalamiento de la "vista de inimputabilidad". Desconocemos qué sucedió el 25 de septiembre de 1998. Lo cierto es que no consta en los autos, Acta de esa fecha.

Así las cosas, el 30 de octubre de 1998, fuimos administrativamente designados para presidir los asuntos asignados al Salón 503, entre ellos la "vista de inimputabilidad!'. 

Llamado el caso para la atención del asunto entonces ante nuestra consideración, compareció la Leda. Sonia Avilés de la Sociedad Para Asistencia Legal, en representación del acusado, y la Leda. Limarí Cobián en representación del Ministerio Público.

Previo a la fecha de la vista que nos ocupa y posterior al dictamen del Hon. Manuel Díaz Morales, emitido el 28 de agosto de 1998, sesenta y seis (66) días antes, concediendo el remedio solicitado por la defensa, no surgió de los autos que el Ministerio Público hubiere promovido Moción alguna ante el Tribunal, solicitando reconsideración de dicho dictamen. Mucho menos que se hubiere promovido recurso alguno ante el Honorable Tribunal Circuito de Apelaciones. Más aún, según nuestro mejor recuerdo, la "vista de inimputabilidad" se celebró sin que el Ministerio Público, al inicio de la misma, opusiera objeción a su celebración: Por el tracto procesal expuesto, al momento de celebrar la vista, entendimos que el Ministerio Público se había allanado a que se desfilara prueba para dicho propósito.

Lo cierto es que luego de escuchado el testimonio del Dr. Rafael Cabrera Aguilar, Psiquiatra, quedamos convencidos de que debíamos acoger su recomendación. Así, procedimos a determinar inimputabilidad y señalar vista al amparo de la Regla 241 de las de Procedimiento Criminal. A solicitud de la defensa, procedimos, además, a determinar NO CAUSA en el delito de Agresión Agravada Grave y a absolver al acusado en los casos de exposiciones deshonestas y desacato. Fue entonces, cuando el Ministerio Público manifestó su objeción a nuestro dictamen.

Luego de atendido el calendario para el cual fuimos designados administrativamente ese día, regresamos a atender la Sala que teníamos permanentemente asignada. No es sino hasta hoy que volvemos a tener contacto con el caso. Nunca se nos refirió el mismo para autorizar el Acta o para que recogiéramos por Resolución o Sentencia nuestro dictamen en el caso. El procedimiento administrativo usual es que una vez se emite dictamen en corte abierta, el caso es referido al despacho del Juez, por el funcionario de Secretaría correspondiente, para dicho propósito. Ciertamente, eso no ocurrió en este caso. Es por tal razón que no suscribimos el dictamen. No queremos abdicar o transferir nuestra responsabilidad. Reconocemos que era y es nuestro deber consignar por escrito y suscribir nuestros dictámenes. Entendemos, sin embargo, que sería prácticamente imposible el seguirle personalmente el rastro a los cientos de casos que atendemos en Sala. El asunto se agrava si recordamos que no se trata de un caso asignado a nuestra Sala. Como hemos mencionado, se trata de la atención de uno de varios asuntos señalados ese día al Salón 503 del Centro Judicial de Ponce, por designación Administrativa, luego de lo cual regresamos a atender nuestra sala. El Ministerio Público no promovió por escrito Moción de Reconsideración a nuestro dictamen. Ni siquiera se nos refirió por Secretaría la copia del recurso presentado ante. el Honorable Tribunal de Circuito de Apelaciones. ¿ Cómo entonces íbamos a conocer el desarrollo de los procedimientos ulteriores a la vista ante nos?

Ciertamente, aparte de lo expresado, responsablemente no podemos ahora, dos años y cuatro meses después de celebrada la vista, consignar fundamentos adicionales para sustentar nuestro dictamen de entonces. 
*653
Con el apoyo administrativo adecuado, hoy no hubiésemos tenido que hacer este ejercicio de regresión."

Atendido ello y para conocer más en detalle lo ocurrido en la vista celebrada, le requerimos al tribunal de instancia que preparara y nos remitiera una transcripción de los incidentes de ésta. Así lo hizo.
La transcripción sometida revela que durante la vista celebrada ocurrió lo siguiente:

"TRANSCRIPCION DE EVIDENCIA

El 30 de octubre de 1998, se llamaron los casos en epígrafe para vista de inimputabilidad ante el Honorable José A. Ruiz Rivera, Juez Superior. Compareció la Leda. Sonia Avilés de la Sociedad Para Asistencia Legal en representación del acusado. El Ministerio Público estuvo representado por la Fiscal Liman Cobián.

Los procedimientos se desarrollaron en la siguiente forma:

SECRETARIA: (Llama el casó). Caso número 40 en calendario, J1.VP975344, El Pueblo de Puerto Rico versus Rafael Pacheco Armand.

JUEZ: Sí.

DR. RAFAEL CABRERA AGUILAR: Sí, Señoría. En este caso, don Rafael Pacheco Armand fue evaluado, eh, en el Hospital de Siquiatría Forense; se había ordenado una evaluación de inimputabilidad, eh, la cual se, se hizo. El examen mental, eh, en estos momentos, pues, continúa, eh, sin grandes cambios clínicos. Se está medicando a base de solox, risperdal, vuspar, que son antidepresivos y neurolépticos. Presenta un contenido de pensamiento ilógico, eh, presenta una laguna en la memoria, un juicio pobre. Entendemos de que este es un cuadro eró ... eh, crónico, el cual, por el cual ha recibido tratamiento hace mucho tiempo. En cuanto a la inimputabilidad, pues, dicha evaluación se hizo y entendemos que don Rafael Pacheco Armand se encuen... es inimputable de la acusación a la cual se enfrenta. Nuestra recomendación, si el Tribunal acoge esta determinación, sería que se dejara ingresado, o sea, siguiera ingresado en el Hospital de Siquiatría Forense y se hiciera un(sic) vista de peligrosidad para el 29 de enero del 1999.

JUEZ: Aquí se tiene, este, unos cargos menos graves, y, y el grave estaba a nivel de qué, de vista preliminar?

ALGUACIL: Sí, vista preliminar, Juez.

JUEZ: ¿Sí? Pues entonces, no causa por inimputabilidad en la vista preliminar, y absuelto en los otros. Se señala vista de 241 para ¿el 29 me dijo?

DOCTOR CABRERA: Veintinueve de enero, por favor.

JUEZ: Veintinueve de enero.

FISCAL: Su Señoría, que se entienda también en este caso la objeción del Ministerio Público sobre esa determinación."

Oportunamente, le concedimos término al recurrido para que mostrara causa por la cual no debíamos expedir el auto solicitado y revocar el dictamen recurrido. Habiéndolo hecho, resolvemos.
I
Toda vez que ninguna persona será juzgada, convicta o sentenciada por un delito mientras está mentalmente incapacitada, Regla 239 de Procedimiento Criminal, 34 L.P.R.A. Ap. II; Pueblo v. Galarza, 117 D.P.R. 455 (1986), la Regla 74 del mismo cuerpo de reglas, ante, dispone lo siguiente:

*654
"Cuando el acusado hiciere alegación de no culpable e intentare establecer la defensa de incapacidad mental en el momento de la alegada comisión del delito imputádole, o cuando su defensa fuera la de coartada, deberá presentar en el Tribunal de Primera Instancia un aviso al efecto, con notificación al fiscal, dentro de los veinte (20) días siguientes al acto de la lectura de la acusación en los casos en que deba celebrarse dicho acto. Cuando se hubiere entregado personalmente al acusado una copia de la acusación, el término para la presentación de estas mociones será de no más de veinte (20) días desde que el acusado hubiese respondido. Cuando no hubiese contestado, el término será de no más de veinte (20) días después de que se registre la alegación de no culpable. En el Tribunal de Distrito, el aviso con notificación al fiscal se presentará por lo menos veinte (20) días antes del juicio.

Si el acusado no presentare dicho aviso, no tendrá derecho a ofrecer evidencia tendente a establecer tales defensas. El tribunal podrá, sin embargo, permitir que se ofrezca dicha evidencia cuando se demostrare la existencia de causa justificada para haberse omitido la presentación del aviso. En tal caso, el tribunal podrá decretar la posposición del juicio a solicitud de El Pueblo, conceder permiso para la reapertura del caso de El Pueblo, o proveer cualquier otro remedio apropiado.

El acusado que desee establecer la defensa de incapacidad mental, deberá suministrar al Ministerio Público, si éste así lo solicita, la siguiente información:

(a) Los testigos con los que se propone establecer la defensa de incapacidad mental.

(b) La dirección de dichos testigos.

(c) Los documentos a ser utilizados para sostener la defensa, y de no poseerlos, informar en poder de quién se encuentran tales documentos.

(d) Hospital u hospitales en que estuvo recibiendo tratamiento y las fechas en que lo recibió.

(e) Médicos o facultativos que hubiesen tratado o atendido al imputado en relación a su incapacidad mental.

El acusado que desee establecer la defensa de coartada, deberá suministrar al Ministerio Público, si éste así lo solicita, la siguiente información:

(a) Sitio en que se encontraba el acusado a la fecha y hora de la comisión del delito.

(b) Desde qué hora se encontraba el acusado en ese sitio.

(c) Hasta qué hora estuvo el acusado en ese sitio.

(d) Informar qué documentos, escritos, fotografías o papeles se propone utilizar el acusado para establecer su defensa de coartada, informando en poder de quién se encuentran.

El Ministerio Público tendrá la obligación recíproca de informar al acusado, si éste así lo solicita, el nombre y dirección de los testigos que se propone utilizar para refutar la defensa de coartada o incapacidad mental". (Enfasis nuestro)
En armonía con ello, la Regla 240 del mismo cuerpo de ley, ante, establece el trámite procesal que debe seguirse cuando sea necesario determinar la capacidad mental de un acusado para ser procesado. Esta dispone lo siguiente:

"(a) Vista; peritos. En cualquier momento después de presentada la acusación o denuncia y antes de dictarse la sentencia, si el tribunal tuviere base razonable para creer que el acusado está mentalmente incapacitado, 
*655
inmediatamente suspenderá los procedimientos y señalará una vista para determinar el estado mental del acusado. Deberá el tribunal designar uno o varios peritos para que examinen al acusado y declaren sobre su estado mental. Se practicará en la vista cualquier otra prueba pertinente que ofrezcan las partes.

(b) Efectos de la determinación. Si como resultado de la prueba el tribunal determinare que el acusado está mentalmente capacitado, continuará el proceso. Si el tribunal determinare lo contrario, podrá ordenar la reclusión del acusado en una institución adecuada. Si luego de así recluirse al acusado el tribunal tuviere base razonable para creer que el estado mental del acusado permite la continuación del proceso, citará a una nueva vista que se llevará a cabo de acuerdo con lo provisto en el inciso (a) de esta regla, y determinará entonces si debe continuar el proceso.

(c) Fiadores; depósito. Si el tribunal ordenare la reclusión del acusado en una institución, según lo dispuesto en el inciso (b) de esta regla, quedarán exonerados sus fiadores, y de haberse verificado un depósito de acuerdo con la Regla 222, será devuelto a la persona que acreditare su autoridad para recibirlo.

(d) Procedimiento en la vista preliminar. Si el magistrado ante quien hubiere de celebrarse una vista preliminar tuviere base razonable para creer que el acusado está mentalmente incapacitado, suspenderá dicha vista y levantará un acta breve al efecto, de la cual dará traslado inmediato, con los demás documentos en autos, al secretario de la sala del Tribunal de Primera Instancia correspondiente, ante la cual se celebrará una vista siguiendo lo dispuesto en el inciso (a) de esta regla. Si el tribunal determinare que el acusado está mentalmente capacitado, devolverá el expediente al magistrado o tribunal de origen, con su resolución, y los trámites de la vista preliminar continuarán hasta su terminación. Si el tribunal determinare lo contrario, actuará de conformidad con lo provisto en el inciso (b) de esta regla, sólo que a los efectos de la vista preliminar."

A los fines de esta regla, el término "incapacidad mental del acusado" significa incapaz de comprender la naturaleza y propósito de los procedimientos y de participar en el acto de imposición de sentencia con plena conciencia de su significado, y con oportunidad de expresarse sobre las razones que a su juicio impidan que se dicte sentencia. Camareno Maldonado v. Tribunal Superior, 101 D.P.R. 552 (1973). La determinación de si existe base razonable para creer que el acusado no está mentalmente capacitado para escuchar la sentencia a serle impuesta, es un acto discrecional del juez sentenciador. Id.
Ahora bien, la incapacidad mental de un acusado no sólo se considera por la ley cuando ya cometidos los hechos y presentada la acusación o denuncia, el acusado va a ser sometido al proceso penal. También se considera al momento de realizar o llevar a cabo los hechos y de donde nace su intención criminal y surge su responsabilidad penal. Pueblo v. Castillo Torres, 107 D.P.R. 551 (1978).
En tal caso, un fiscal no viene obligado a probar la sanidad mental del acusado en el momento de perpetrar el acto que se le imputa como delito, hasta tanto la defensa ofrezca y se reciba evidencia que pueda producir una duda razonable sobre la cordura del acusado. Pueblo v. Reyes Acevedo, 100 D.P.R. 703 (1972). Rebatida eficazmente por un acusado la presunción de ley de que él estaba en su sano juicio al momento de cometer los hechos delictivos por los cuales se le acusa, corresponde al fiscal el peso de la prueba para establecer, fuera de duda razonable, la cordura del acusado al momento de cometer dichos hechos. Pueblo v. Colón Morales, 100 D.P.R. 40 (1971).
El Estado únicamente puede hacer uso de, y presentar como evidencia, prueba obtenida como consecuencia de la aplicación de las disposiciones de esta regla cuando el imputado de delito efectivamente presenta la defensa de insanidad mental durante el proceso. Pueblo v. Rosaly Soto, 128 D.P.R. 729 (1991). El propósito evidente de esta regla es poner al Ministerio Público en condiciones de confrontarse con una defensa de coartada o locura. Pueblo v. Tribunal Superior, 101 D.P.R. 133 (1973).
Ciertamente, la defensa afirmativa de la insanidad mental del imputado al realizar los alegados hechos delictivos, puede plantearse en ocasión de la vista preliminar. En tal caso, queda incólume, también, el principio *656 que es suficiente en esta etapa de los procedimientos que el juez determine la existencia o no de causa probable, no teniendo el juez que adjudicar finalmente si dicha defensa afirmativa prevalecerá o no, eventualmente, fuera de toda duda, en la vista en su fondo de estos casos. Hernández Ortega v. Tribunal Superior, 102 D.P.R. 765 (1974).
Es la notificación al Ministerio Público de un escrito al amparo de la Regla 74 de Procedimiento Criminal, ante, anunciando que el acusado alegará la defensa de insanidad mental al momento de cometer el alegado delito, lo que obliga al tribunal, a solicitud de dicho funcionario, a ordenar a la defensa que suministre al Ministerio Público la siguiente información: (a) el nombre y dirección de los testigos, incluyendo los peritos, que se dispone a utilizar la defensa para establecer la defensa de locura, excluyendo el testimonio del acusado, y (b) la prueba documental que se dispone a utilizar el acusado para sustanciar tal defensa. Pueblo v. Tribunal Superior, 92 D.P.R. 116 (1965).
III
En la causa que nos ocupa, no existe duda alguna en cuanto a que la representación legal del acusado promovió la evaluación del recurrido al amparo de la Regla 240 de Procedimiento Criminal, ante, para determinar si éste podía ser procesado por los delitos que se le imputaban. Conforme el trámite dispuesto por esta regla, el 30 de enero de 1998, se celebró ante el tribunal de instancia la vista requerida en la que se escuchó el testimonio del Dr. Rafael Cabrera Aguilar, tras lo cual ese foro determinó que, efectivamente, el recurrido no estaba capacitado mentalmente para ser procesado. Trasladado al Hospital de Siquiatría Forense, el recurrido comenzó a recibir tratamiento y se celebrararon varias vistas adicionales en las que se reiteró el diagnóstico antes indicado, razón por la cual los procedimientos ante el magistrado de vista preliminar y el tribunal de instancia continuaron paralizados.
En una de las vistas de seguimiento pautadas, la celebrada el 28 de agosto de 1998, el Dr. Cabrera testificó que el recurrido ya se encontraba procesable y había demostrado mejoría clínica. Fue en esta ocasión que la representación del recurrido solicitó que éste continuara recluido en el Hospital de Siquiatría Forense y que se le evaluara para determinar si era imputable o no, solicitud a la que accedió el tribunal de instancia. Finalmente, el 30 de octubre de 1998, el tribunal de instancia celebró una vista en la que, bajo juramento, el Dr. Cabrera testificó que el acusado era inimputable, recomendó que continuara ingresado en el Hospital de Siquiatría y que se le evaluara al amparo de lo establecido en la Regla 241 de Procedimiento Criminal, ante.
Es en estas circunstancias en las que el Tribunal de Primera Instancia, Sala Superior de Ponce, determinó que no existía causa para acusar al recurrido en relación con la agresión grave agravada y lo absolvió de los delitos de exposiciones deshonestas y desacato.
Al así actuar, el tribunal recurrido erró.
Alega el Procurador General que el Tribunal de Primera Instancia, Sala Superior de Ponce, no debió ordenar que el perito psiquiatra que evaluaba a los recurridos de epígrafe, también los examinase a los fines de inimputabilidad al momento de ocurrir los hechos por razón de su capacidad mental. Tiene razón.
Como antes señalamos, la inimputabilidad a consecuencia de incapacidad mental es un eximente de responsabilidad criminal, ya que "la responsabilidad criminal y civil del acusado dependerá de si al cometer los hechos estaba o no en uso de razón". Pueblo v. Castillo Torres, 107 D.P.R. 555 (1978). Constituye una defensa afirmativa que tiene ser levantada por el acusado, según lo dispuesto en la Regla 74 de las de Procedimiento Criminal, infra. Pueblo v. Tribunal superior, ante. Véase, también, Pueblo v. Juan Torres Torres, KLCE-96-00989, Resolución del 29 de octubre 1996 (Brau Ramírez), pág. 3.
Como antes indicamos, la defensa de inimputabilidad por razón de incapacidad mental puede ser planteada en la vista preliminar. Hernández Ortega v. Tribunal Superior, ante. No obstante, para ello deberá cumplir con lo dispuesto en la Regla 74 de las de Procedimiento Criminal, ante, en cuanto a los requisitos de notificación.
*657 Claro está, debe diferenciarse el caso ante nos con el de Pueblo v. Castillo Torres, supra, donde el Ministerio Público, y no el acusado, fue quien ordenó que un Comité de Siquiatría Forense del Hospital de Siquiatría del Gobierno de Puerto Rico examinara al acusado en cuanto a su capacidad mental el día siguiente de los hechos. Dicha actuación fue aprobada por el Tribunal Supremo de Puerto Rico. Determinó que "mientras más temprano se lleve a cabo el examen, más fácil será para los psiquiatras llegar a conclusiones científicas confiables sobre el estado mental del acusado." Pueblo v. Castillo Torres, supra, pág. 556. En todo caso, en Castillo Torres se trataba de un perito nombrado a los únicos efectos de determinar si el acusado era inimputable y no para establecer su procesabilidad.
Resumiendo, la inimputabilidad por incapacidad mental es una defensa afirmativa que tiene que ser levantada por el acusado, quien tiene el peso de la prueba. En el caso de marras, la defensa solicitó que el mismo perito que evaluó al recurrido a los fines de procesabilidad lo evaluase en cuanto a su inimputabilidad, a pesar de que obviamente esa defensa no había sido levantada y no se le había provisto al Ministerio Público la información que indica la Regla 74.
Como indicó acertadamente el Juez Brau Ramírez en Pueblo v. Torres Torres, supra, pág. 7:
"Lo que no procede, según se solicita en el presente caso, es utilizar los peritos del Tribunal contratados por la Rama Judicial para las determinaciones de procesabilidad bajo la Regla 240, para que ampliando sus funciones también emitan opiniones en tomo a la inimputabilidad de los acusados e imputados durante las vistas de procesabilidad. No existe, desde el punto de vista procesal, una vista de inimputabilidad, separada del juicio del caso o de la vista preliminar. Por lo mismo, no procede convertir el procedimiento bajo la Regla 240 en un pesquisa de este tipo."
Tomando en consideración lo anteriormente expuesto, concluimos que erró el Tribunal de Primera Instancia, Sala Superior de Ponce, al ordenar que el perito psiquiatra del Estado, quien evaluaba al recurrido de epígrafe a los fines de procesabilidad, lo examinara también para determinar su inimputabilidad.
Aun cuando fuese cierto que el Ministerio Público no objetara en los comienzos del procedimiento que el perito del Tribunal evaluara al recurrido para determinar si era inimputable o no, tal omisión no puede considerarse como una aprobación del trámite seguido por el tribunal de instancia, el que a todas luces no era válido, dado el hecho que el recurrido no había anunciado, de manera alguna, su intención de levantar la defensa de inimputabilidad como lo requiere la Regla 74 de Procedimiento Civil, ante.
IV
Por los fundamentos antes expresados, se expide el auto solicitado, se revoca la Resolución recurrida y se devuelve el caso al tribunal de instancia para que continúe el trámite procesal de conformidad con lo aquí dispuesto.
Notifíquese de inmediato.
Lo acordó el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General
ESCOLIOS 2002 DTA 6
1. (Nota al calce 1 en el original) Para esa fecha nos desempeñábamos como Juez de la Sub-Sección de Distrito del Tribunal de Primera Instancia en la Región Judicial de Ponce. Fuimos juramentados como Juez Superior en diciembre de 1999.
2. A esos efectos, el artículo 30 del Código Penal de Puerto Rico, 33 L.P.R.A. see. 3152, establece que:

*658
“No es imputable el que en el momento del hecho, a causa de enfermedad o defecto mental, careciere de capacidad suficiente para comprender la criminalidad del acto o para conducirse de acuerdo con el mandato de ley.

Los términos enfermedad o defecto mental no incluyen anormalidad manfiesta sólo por reiterada conducta criminal o antisocial. ”